UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. 4:14-CR-91-SDJ |
| § | |
| EDMUNDO LOPEZ-ESCAMILLA (15) § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are several motions filed by Defendant Edmundo Lopez-Escamilla: four motions to reduce sentence, (Dkt. #962, #963, #979, #980), and one request for hearing, (Dkt. #989). Having considered the motions and the applicable law, the Court concludes that the motions to reduce sentence, (Dkt. #962, #963, #979, #980), should be **DISMISSED for lack of jurisdiction**, and the request for hearing, (Dkt. #989), should be **DISMISSED as moot**.

**I.**

Lopez-Escamilla pleaded guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. (Dkt. #741, #742). He was sentenced to a 235-month term of imprisonment with 60 months of supervised release. (Dkt. #817). Lopez-Escamilla now asks the Court to recalculate his sentencing guideline range based on a three-level reduction to his offense level for accepting responsibility. *See, e.g.*, (Dkt. #980 at 2–3). After that, Lopez-Escamilla requests that the Court impose a reduced sentence at the lower end of his new guideline range, which he calculates to be 168 months. (Dkt. #980 at 3). The Court is authorized to do this, he contends, under 18 U.S.C. § 3552(c). (Dkt. #980 at 1).

1

## II.

Under the "rule of finality," "federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed." *Freeman v. United States*, 564 U.S. 522, 526, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011) (cleaned up). That is so because a judgment of conviction imposing a sentence of imprisonment "constitutes a final judgment," which may be modified in only "limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). Indeed, the Fifth Circuit has explained that "[a]bsent jurisdiction conferred by statute, district courts lack power to consider [post-judgment] claims." *United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020) (quoting *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)); *see also Eberhart v. United States*, 546 U.S. 12, 17, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (per curiam) (a "basic principle of judicial process" is that "once a final [criminal] judgment is issued and the court of appeals considers a case, a district court has no power to act on it further").

The "limited circumstances" in which a district court[1] may modify a term of imprisonment include the following:

- **18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)**: The district court may modify a term of imprisonment if it considers "the factors set forth in section 3553(a)" and finds that a "reduction is consistent with applicable policy statements issued by the Sentencing Commission" along with a finding that either (i) "extraordinary and compelling reasons warrant such a reduction"; or (ii) "the defendant is at least 70," has been incarcerated for at least 30 years, the sentence was imposed under Section 3559(c), and the Director of the Bureau of Prisons has determined that the defendant "is not a danger to the safety of any other person or the community[.]"

---

[1] The Court notes that under 18 U.S.C. § 3742, a defendant may also directly appeal their term of imprisonment to the courts of appeals.

2

- **18 U.S.C. § 3582(c)(1)(B) (Express Permission by Statute or Rule 35)**: The district court may modify a term of imprisonment "if expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."

- **Federal Rule of Criminal Procedure 35(a) (Correcting Clear Error Within 14 Days)**: "Within 14 days after sentencing," the district court may, "correct a sentence that resulted from arithmetical, technical, or other clear error."

- **Federal Rule of Criminal Procedure 35(b) (Reducing Sentence for Substantial Assistance)**: "Upon the government's motion," the district court may reduce a sentence "if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." The standard for substantial assistance becomes more stringent if this motion comes later than one year after sentencing.

- **Federal Rule of Criminal Procure 36 (Clerical Error)**: The district court may "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."[2]

- **18 U.S.C. § 3582(c)(2) (Change in Sentencing Guidelines)**: The district court may modify a term of imprisonment if the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and a consideration of the factors in Section 3553(a) leads the court to find that "a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

- **28 U.S.C. § 2255 (Habeas Corpus)**: The district court may set aside or correct a term of imprisonment upon finding that the "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."

In sum, the Court's jurisdiction to modify a term of imprisonment extends to (1) compassionate-release motions; (2) motions for sentence reduction based on a change in the sentencing guidelines; (3) Rule 35(a) motions to correct clear error within

---

[2] The Fifth Circuit has defined a clerical error as "when the court intended one thing but by merely clerical mistake or oversight did another." *Varner*, 948 F.3d at 253 (quoting *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008)).

3

fourteen days of sentencing; (4) Rule 35(b) motions for sentence reduction based on substantial assistance; (5) Rule 36 motions to correct clerical errors; (6) habeas motions; or (7) any other motion "expressly permitted by statute." *Varner,* 948 F.3d at 253–54. That's it. If a Defendant seeks relief not provided or authorized by the enumerated statutes above, they should specifically identify where their request is "expressly permitted by statute."

### III.

Lopez-Escamilla requests that the Court recalculate and reduce his sentence under 18 U.S.C. § 3552(c) by applying a three-level reduction to his offense level for accepting responsibility. To begin with, Section 3552(c) provides no jurisdiction for this request: That section relates to when the Court may order pre-sentence psychological examinations. What is more, none of the statutes listed above allow the Court to modify a sentence based on Defendant's purported acceptance of responsibility. And Defendant does not cite to, nor is the Court aware of, any other statute that expressly permits such a modification. The Court therefore concludes that Defendant's motions must be **DISMISSED for lack of jurisdiction**. Because Defendant's request for a hearing related to "his previously filed" motions, (Dkt. #989 at 1), that motion should be **DISMISSED as moot**.

### IV.

It is therefore **ORDERED** that Defendant's motions to reduce sentence, (Dkt. #962, #963, #979, #980), are **DISMISSED for lack of jurisdiction**.

4

It is further **ORDERED** that Defendant's request for hearing, (Dkt. #989), is **DISMISSED as moot**.

**So ORDERED and SIGNED this 18th day of December, 2024.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE